**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

USDC- GREENBELT
'26 SEP 4 AM8:40

| | |
|---|---|
| JOHN MICHAEL MILLER, JR., Plaintiff, v. JEFFREY R. GAHLER, *et al.*, Defendants. | Civil Action No.1:25-cv-3197-LKG<br>Related Case: 1:25-cv-0654-LKG<br>Related Case: 1:25-cv-1269-LKG<br><br>Dated: September 3, 2026 |

## MEMORANDUM OPINION

Pending in this civil rights case is Defendants' motion to dismiss the complaint pursuant to Fed. R. of Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). ECF No. 11. The Plaintiff John Michael Miller, Jr., who is currently incarcerated at Eastern Correctional Institution ("ECI") in Westover, Maryland, was advised that Defendants had filed a motion to dismiss (ECF No. 12) and that he had a right to oppose the motion.

In response to the Clerk's letter, Miller sent the Court a seven-page letter which mostly focuses on his belief that his estranged wife, who he states is dying of cancer, is inexplicably rebuffing his efforts to make amends with her. ECF No. 13. He includes a personal letter to her, along with her phone number and a request that a picture be taken of his letter so that it can be sent to her.[1] *Id.* One month later, Miller sent in a letter stating he never received a copy of Defendants' Motion, and he requested appointment of counsel. ECF No. 14.

Because the claims asserted in this complaint are nearly identical to those asserted in other cases filed by Miller which have already been dismissed, this complaint will also be dismissed.

[1] The woman Miller refers to filed a domestic violence case against him in 2023 and pursued several protective orders as well as violations of those orders in subsequent years. *See* Harford Co. Dist. Ct. Case No. D-09-FM-23-000633 available at http://casesearch.courts.state.md.us/inquiry (last viewed Aug. 27, 2026). This Court will not be utilized as a conduit for messages to be sent to persons unwilling to receive them directly from the sender. The Clerk will be directed to seal ECF No. 13 so that it is unavailable for the public to view.

## II. LEGAL AND FACTUAL BACKGROUND

### A. Prior Litigation

#### 1. Civil Action LKG-25-654

In this civil rights complaint Miller complained that correctional staff at Harford County Detention Center ("HCDC") Jeffrey Gahler, Lt. Chester, Paul Cole, and Daniel Galbraith, denied him a soy-free diet and infringed on his right to practice his Jewish faith by not allowing him to have kosher meals. According to Miller, he was initially provided with a soy-free diet, but when he was served food that contained soy he began filing administrative grievances and, in retaliation for doing so, he was removed from the diet.

After Miller was appointed counsel and given multiple opportunities to provide evidence that he has a soy allergy, this Court dismissed Miller's complaint because: (1) Miller failed to allege facts to show that any of the defendants in this case terminated his soy-free diet and therefore the complaint was bereft of any allegation of personal participation by the defendants; (2) Miller failed to allege any facts showing the claimed retaliation caused harm to his First Amendment rights; and (3) monetary damages cannot be pursued in a RLUIPA claim. *See Miller v. Gahler, et al.*, Civ. Action LKG-25-654 at ECF No. 34 (D. Md. March 19, 2026) (hereinafter *Miller I*).

#### 2. Civil Action LKG-25-1269

Miller also filed this 1983 complaint while he was confined to HCDC and alleged that Defendants Daniel Galbraith, Paul Cole, Lt. Lewis, Captain Elliott, and Jeffery R. Gahler violated his First Amendment right to freely practice his Jewish faith when they only provided "regular kosher meals" for Passover. He also maintained that the actions taken violated RLUIPA, and claimed that inmates of the Christian and Muslim faiths were treated more favorably. Miller added that when he submitted written complaints about the issues and did not receive responses, he assumed it was retaliation for his prior litigation.

This complaint was also dismissed pursuant to Rule 12(b)(6) because the complaint failed to allege that the "burden" on Miller's religious practice was caused by the defendants; rather, it was Miller who chose not to eat the kosher food provided; and Miller had not included factual allegations that Jewish inmates had been denied kosher diets while inmates of other faiths had been provided with special religious diets which defeated his equal protection claim. *See Miller*

*v. Galbraith, et al.*, Civ. Action LKG-25-1269 at ECF No. 15 (D. Md. Aug. 12, 2026) (hereinafter *Miller II*).

**B. Complaint Allegations**

In this complaint, Miller claims that when he arrived at HCDC he requested to be placed on a soy-free kosher diet because he is a "practitioner of the Jewish faith." ECF No. 1 at 5. He was placed on that diet on September 17, 2024, but after filing grievances he was taken off of it in retaliation. *Id.*

He claims that while he was litigating *Miller I* Chaplains Paul Cole and Ari Magnum repeatedly interrogated him in an attempt to deny him his right to follow his Jewish faith by remaining on a kosher diet. *Id.* at 6. He claims Cole and Magnum conspired repeatedly to seek a way to remove him from the kosher meal program. *Id.* He states they interrogated him six times. *Id.* He adds that no members of other faiths were required to undergo such questioning and claims this was discriminatory against him as a Jew. *Id.*

Miller asserts that based on the decision issued in *Miller II*, Warden Galbraith, Capt. Elliott, Sgt. Lynch, and Lt. Lewis decided that Miller was "not allowed to celebrate Passover" and that even though "kosher for Passover" meals were available in abundance, he was given regular kosher meals that contained leavening. *Id.* at 7. Because Passover meals are not supposed to contain leavening, Miller states that he was not able to eat any main course meals, leaving only fruit to eat during Passover. *Id.* On April 19, 2025, Sgt. Lynch began sending Miller kosher for Passover meals after Passover had ended. *Id.*

Miller alleges that he filed two grievances regarding his religious rights violation claims and informed all defendants he would be filing another federal lawsuit, they "conspired with Captain Chester who handles the grievance process" and Miller no longer received responses to his grievances. *Id.* He claims that when he spoke to Cole and Magnum on April 25, 2025, about how he believes he is the target of religious discrimination, he claims they told him all he had to do was drop his lawsuits and it would stop. *Id.* After he told them to "fuck off" he claims he was again removed from the kosher diet. *Id.*

**II. LEGAL STANDARD**

Defendants seek dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In reviewing the Motion, the Court accepts the well-pleaded allegations as true and in the light most favorable to Miller. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *E.E.O.C. v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

Although pro se pleadings are construed generously to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.") (internal citation omitted)). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009). Additionally, Defendants cite 28 U.S.C. § 1915(e)(2)(B) which requires this Court to dismiss a case at any time it determines that it fails to state a claim upon which relief may be granted or is frivolous or malicious. *See also Lomax v. Ortiz-Marquez,* 590 U.S. 595 (2020).

## III. ANALYSIS

The complaint fails to state a claim for the same reasons the complaints filed in *Miller I* and *Miller II* failed to state a claim. The instant complaint is simply a combination of the prior two cases and is an apparent attempt by Miller to prolong this litigation in a piecemeal fashion. "The rule against claim splitting 'prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action.'" *Lee v. Norfolk S. Ry. Co.*, 802 F.3d 626, 635 (4th Cir. 2015) (citation omitted). Here, Miller has used the same set of facts arising out of same series of transactions against the same parties or their privies to relitigate the same claims, which he is not permitted to do. *Id.*

The Motion to Dismiss shall be **GRANTED** by separate Order which follows.

**IT IS SO ORDERED.**

LYDIA KAY GRIGGSBY
United States District Judge